FILED
2018 Jun-06 AM 10:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DANNY HARVEY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No.: 2:15-cv-01022-RDP-SGC |
| | ) |
| WARDEN CHERYL PRICE, et al., | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM OPINION

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Danny Harvey, a state prisoner proceeding *pro se*. (Doc. 1). Harvey challenges his 2012 conviction in Jefferson County Circuit Court for capital murder. (*Id.* at 2). On April 26, 2018, the Magistrate Judge entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending the petition be denied as time-barred and procedurally defaulted. (Doc. 10). Harvey timely filed objections to the report and recommendation. (Doc. 13).

In his objections, Harvey concedes his claims are time-barred and procedurally defaulted. (Doc. 13 at 1). Harvey, however, requests the court apply equitable tolling because he is illiterate, does not understand the proper court procedures, and relied on "jail house lawyers" in his filngs. (*Id.* at 2-3). Equitable tolling is not warranted in this case.

1

Equitable tolling is "an extraordinary remedy which is [ ] applied sparingly" and "is limited to rare and exceptional circumstances." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Specifically, a petitioner must "show[] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *see also Helton v. Sec'y for Dept. of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citation omitted). But, in addition to reasonable diligence, a petitioner must also show that some extraordinary circumstance caused the untimely filing. That is, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

Harvey has not demonstrated the extraordinary circumstances necessary to warrant equitable tolling. Harvey's lack of counsel for his post-conviction proceedings, lack of legal training, and failure to fully understand his rights or the applicable legal procedures do not provide a basis for equitable tolling. *Wakefield*

*v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997); *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005). Additionally, an inadequate prison law library or limited access to the library or prison law clerks does not establish extraordinary circumstances for equitable tolling. *See Atkins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and Harvey's objections thereto, the court is of the opinion that the Magistrate Judge's findings are due to be and are hereby **ADOPTED** and her recommendation is **ACCEPTED**. Harvey's objections are **OVERRULED**. Accordingly, the petition for writ of habeas corpus is due to be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), *Rules Governing § 2254 Proceedings*. A separate, final order will be entered.

**DONE** and **ORDERED** this June 6, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE